1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

THOMAS R. WILLIAMSON,

12

Petitioner,

No. C09-5309 BHS/KLS

13

v.

14

MAGGIE MILLER-STOUT,

ORDER DENYING MOTIONS FOR
EVIDENTIARY HEARING,
APPOINTMENT OF COUNSEL AND TO
EXPAND THE RECORD

15

Respondent.

16

Before the court are the motions of Petitioner for the appointment of counsel, an

17

18

evidentiary hearing and to expand the record. Dkts. 15, 17. Having carefully reviewed the

19

motions and response of Respondent (Dkt. 19), the court finds that these motions should be

20

denied in light of this court's Report and Recommendation that Petitioner's habeas petition be

21

denied on the merits.

22

**A.      Motion for Counsel and Evidentiary Hearing – Dkt. 15**

23

24

The decision to hold a hearing is committed to the court's discretion. *Williams v.*

25

*Woodford*, 306 F.3d 665, 688 (9th Cir. 2002). The petitioner bears the burden of showing the

26

need for a hearing. *Pulley v. Harris*, 692 F.2d 1189, 1197 (9th Cir. 1982), rev'd on other

ORDER - 1

grounds, 465 U.S. 37 (1984); *Baja v. Ducharme*, 187 F.3d 1075 (9th.Cir. 1999). An evidentiary hearing is not required unless the petitioner alleges facts which, if proved, would entitle him to relief. *Townsend v. Sain*, 372 U.S. 293, 312 (1963). The petitioner must produce some evidence demonstrating the existence of a genuine question of material fact. *Morris v. State of California*, 966 F.2d 448, 454-55 (9th Cir. 1991), cert. denied, 506 U.S. 831 (1992) (Wishful suggestions cannot substitute for declaratory or other evidence.) A hearing is not required if the claim presents a purely legal question, or if the claim may be resolved by reference to the state court record. *Campbell v. Wood*, 18 F.2d 662, 679 (9th Cir.) (en banc), cert. denied, 114 S. Ct. 2125 (1994).

Petitioner claims that the trial court erred by denying his motion for mistrial and his request that each juror be questioned individually as to exposure to extrinsic evidence or other improper influence from a juror who publicly expressed her opinion, during trial, that the Petitioner was guilty and "should be hung." Dkt. 15, p. 2. Petitioner states that the trial court denied his request to pursue the "presumptive evidence readily available at that time" and the issues relating to the tainted juror were not dealt with by the appellate courts "with anything resembling an interest in the ends of justice." *Id.*, pp. 2-3. Therefore, Petitioner argues, he is entitled to an evidentiary hearing because his claims "rel[y] on a factual predicate that could not have been previously discovered through the exercise of due diligence." *Id.*

The court has completed its review of the petition and found that the claims presented by Petitioner may be resolved solely by reference to the state court record. Therefore, Petitioner's request for an evidentiary hearing is denied.

Likewise, Petitioner's request for the appointment of counsel is denied as these requests are linked to the granting of an evidentiary hearing. *See* Rule 8(c), 28 U.S.C. § 2254. (If an

ORDER - 2

evidentiary hearing is required, the Court may appoint counsel for a petitioner who qualifies under 18 U.S.C. § 3006(A)(g)).

**B.      Motion to Expand Record – Dkt. 17**

Petitioner argues that the record  of relevant state court proceedings filed by Respondent (Dkt. 14) does not include all of the trial evidence necessary to the Court's determination of the constitutional errors raised in his habeas petition.  Specifically, Petitioner argues that much of the verbatim reports of proceedings and pretrial records are required.  Respondent argues that she has provided all the necessary records, as Rule 5 of Rules Governing Section 2254 requires, for this court to address Mr. Williamson's habeas claims.  Dkt. 19, p. 1.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court's power to upset a state court's adjudication of a criminal case is very limited.  A federal court shall not grant a habeas petition with respect to any claim adjudicated on the merits in the state courts unless the adjudication either:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts.  28 U.S.C. § 2254(d).   A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C.  § 2254(e)(1).

Rule 5(c) of the rules governing § 2254 cases provides that the respondent shall indicate in the answer to a habeas petition what transcripts are available and what proceedings have been recorded but not transcribed.  The State must attach to its answer any parts of the transcript it deems relevant.  Once this is done, the court, on its own motion or upon request of the petitioner

ORDER - 3

1    may order that further portions of the existing transcripts be furnished or that certain portions of

2    the non-transcribed proceedings be transcribed and furnished.  Rules Governing Section 2254

3    Cases in the U.S. Dist. Cts., 28 U.S. C. Pt. VI, ch. 153, Rule 5 (emphasis added); *Simental v.*

4    *Matrisciano*, 363 F.3d 607, 612 (7th Cir.  2004).  As noted by the *Simental* court, on habeas

5    review, except in limited circumstances, the district court does not make independent factual

6    determinations.  *Id*. citing 28 U.S.C. § 2254(e); *United States ex rel. Green v. Greer*, 667 F.2d

7    585, 586 (7th Cir. 1981) (an examination of a record is not required if the petitioner fails to

8    identify any incompleteness or inaccuracies in the facts before the district court.)

9

10        The Ninth Circuit's holding in *Richmond v. Ricketts*, 774 F.2d 957 (9th Cir. 1985),

11   requiring that the district court examine all relevant parts of the state court record, is not

12   inconsistent with these holdings or Rule 5.  Under Rule 5, the determination of relevance is left

13   to the discretion of the respondent. A demand for further documentation can only be executed by

14   court order *sua sponte* or by request of the petitioner.  § 28 U.S.C.A. 2254, Rule 5, Advisory

15   Committee Notes, 1976 Adoption. Upon such a request the burden is placed on the petitioner to

16   prove to the court that the excluded materials requested are relevant and necessary. When a

17   dispute concerning relevance arises, the burden is on the petitioner to prove to the court that the

18   excluded materials are necessary for the petition. *Richmond v. Ricketts*, 640 F.Supp. 767 (Ariz.

19   1986).

20        Petitioner states that only four days of a seven day trial proceeding were produced, that

21   pre-trial documents, including criminal information, charges, arraignment plea, 3.5 hearing, child

22   hearsay hearing, voluntary pleas agreement, judgment and sentence transcripts, witness lists, voir

23   dire questionnaires, voir dire, and verbatim proceedings of various motions and rulings, are

24   highly relevant and should be submitted.  Dkt. 17, pp. 3-4.

ORDER - 4

1    If the Petitioner is alleging insufficiency of evidence to support factual findings, then 28

2    U.S.C. § 2254(f) provides that the burden shifts to Petitioner to produce those parts of the record

3    pertinent to his claims.  That subsection further states that if the Petitioner, because of indigency

4    or other reason is unable to produce such part of the record, then the State shall do so and the

5    court shall direct the State to do so by order directed to an appropriate State official.  *Id*.  The

6    subsection further provides that if any of the pertinent record cannot be provided, the court shall

7    determine under the existing facts and circumstances what weight shall be given to the State

8    court's factual determination.  *Id*.

9    

10    Included in Respondent's submission of relevant state court record, are the judgments

11    and sentences, state court briefing and rulings, and transcripts of the trial proceedings for March

12    26, 2002, March 27, 200, April 2, 2002 and April 3, 2002, the trial court's instructions to the

13    jury, verdict form, and fourth amended criminal information.  Dkt. 14, pp. 2-3.

14    

15    Petitioner has not provided an explanation of how and why any of the records he is

16    requesting are necessary for this court's analysis of his claims on the merit.  In addition, after

17    complete review of the case, the court finds that additional portions of the record were not

18    necessary for a complete habeas review.

19    Accordingly, it is **ORDERED** Petitioner's motions for evidentiary hearing, the

20    appointment of counsel, and to expand the record (Dkts. 15 and 17) are **DENIED** in light of this

21    court's Report and Recommendation that Petitioner's habeas petition be denied on the merits.

22    

23    DATED this _27th_ day of October, 2009.

24

25    Karen L. Strombom
      United States Magistrate Judge
26

ORDER - 5